## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Oliver Tolbert**, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Case No. |
| | § | |
| v. | § | |
| | § | |
| **GC Services, LP**, | § | Complaint and Demand for Jury Trial |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

**Oliver Tolbert** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **GC Services, LP** (Defendant):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

1

under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas, because the occurrences upon which Plaintiff bases this action arose and caused Plaintiff to suffer injury in the State of Texas, and because Defendant has its principal place of business in the State of Texas.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Dallas, Texas 75227.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      In the alternative, Plaintiff is a person granted a cause of action under 15 U.S.C. § 1692k. See e.g., Wenrich v. Robert E. Cole, P.C, 2001 WL 4994, at *3 (December 22, 2000).

9.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.     Defendant is a business entity with headquarters at 6330 Gulfton Drive, Houston, Texas 77081.

11.     Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

12.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

14.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

2

## FACTUAL ALLEGATIONS

15.     Plaintiff has a cellular telephone number.

16.     Plaintiff has only used this phone number as a cellular telephone.

17.     Beginning in or before June 2017 and continuing through in or around November 2017, Defendant repeatedly called Plaintiff on his cellular telephone asking for his grandson, Courtney Tolbert.

18.     To his knowledge, neither Plaintiff nor his grandson own or operate any businesses, and therefore cannot owe any debts incurred for business or commercial purposes. Therefore, and upon information and belief, the debt Defendant was attempting to collect from Plaintiff arose from a transaction primarily for personal, household, or family purposes.

19.     Plaintiff's grandson Courtney Tolbert does not reside with Plaintiff.

20.     During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

21.     Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded message.

22.     Plaintiff repeatedly informed Defendant it had the wrong number.

23.     However, Defendant continued to call Plaintiff through November 2017.

24.     Once Defendant was informed that it had a wrong number, that its calls were unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

25.     Further, Defendant's continued calls could only have been placed for the purpose of harassing Plaintiff.

26.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

3

27.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

28.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

30.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31.     Defendant violated both Section 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint with knowledge it had the wrong number.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

34.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number.

35.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

36.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

37.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

38.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

39.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

40.     When Defendant called Plaintiff from around June 2017 through around November 2017, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

41.     When Defendant called Plaintiff from around June 2017 through around November 2017, it knew it was placing calls to a cellular telephone.

42.     Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

43.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Oliver Tolbert**, respectfully prays for judgment as follows:

a.  All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b.  Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c.  All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d.  All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

e.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

f.  Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

g.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

h.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Oliver Tolbert**, demands a jury trial in this case.

Respectfully submitted,

Dated: 10-29-18

By: _s/ Amy L. Bennecoff Ginsburg_
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

6